UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Jessica S. Allen**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

**LETTER ORDER**

April 14, 2022

*To: Counsel of Record via ECF*

**Re:**   **Omodunbi v. Gordin & Berger, P.C., et al.**
 **Civil Action No.: 17-7553 (ES)**

Dear Counsel:

Before the Court are two motions of Defendants Gordin & Berger, P.C., Edward Berger, and Daniel Berger ("Defendants"). The first motion is entitled, "Motion for Extension of Time, Nunc Pro Tunc, and to Reinstate Defendants' Answer and Counterclaim and the Third-Party Complaint" (hereinafter "Motion for Extension and to Reinstate") (ECF No. 115). The second motion is for leave to file "a first amended" answer to the second amended complaint to assert additional counterclaims (hereinafter "Motion to Amend"). (ECF No. 125). Plaintiff Olu Omodunbi ("Plaintiff") opposes both motions. (ECF Nos. 118 & 136). No oral argument was heard pursuant to Fed. R. Civ. P. 78. Having carefully considered the submissions of the parties, for good cause shown, and for the reasons set forth below, this Court **DENIES** Defendants' two motions. However, this Court **GRANTS** Defendants leave to file only an answer to the Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 6(b)(1) and Local Civil Rule 6.1(b), and consistent with the Court's rulings herein.

**I.**   **BACKGROUND**

Since the Court writes only for the parties, the Court presumes they have familiarity with the

facts and extensive procedural history.  Accordingly, the Court includes only the background relevant to decide Defendants' two motions.

Plaintiff filed this single count lawsuit alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  Plaintiff's legal claims arise from Defendants' debt collection communications with Plaintiff regarding a debt he allegedly incurred for college tuition and related expenses.  (*See generally* Compl., at ECF No. 1).  Plaintiff alleges that Defendants engaged in unlawful debt collection practices, which continued following Defendants' filing of a debt collection suit against Plaintiff on December 21, 2016, in New Jersey Superior Court ("State Collection Action").  (*See id.*)

On January 17, 2018, Defendants filed a motion to partially dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 9).  While the motion to dismiss was pending, (ECF No. 9), Plaintiff filed an amended complaint on February 20, 2018.  (ECF No. 11).  Defendants then moved to partially dismiss the amended complaint on March 6, 2018, (ECF No. 13), which the Honorable Esther Salas, U.S.D.J., granted in part and denied in part, on January 22, 2019.  (ECF Nos. 23 & 24).  On February 1, 2019, the Honorable Joseph A. Dickson, U.S.M.J. (ret.) issued a Pretrial Scheduling Order ("February 1, 2019 Scheduling Order"), directing, in relevant part, that no motions could be filed "without prior written permission from the Court."  (ECF No. 28).  Fact discovery was ordered to remain open through August 30, 2019.  (*Id.*) A review of the docket confirms that on May 21, 2019, Defendants filed an answer to Plaintiff's amended complaint without asserting any counterclaims.  (ECF No. 41).

On June 28, 2019, Plaintiff moved to file a second amended complaint ("SAC") to assert additional factual allegations regarding Defendants' alleged on-going debt collection tactics and communications in or about January 2019. (ECF No. 45-2 at ¶¶ 43-49).  Plaintiff further sought to amend the single FDCPA count to include another provision of the statute related to Defendants'

alleged improper debt collection communications. (ECF No. 45-2 at ¶ 60). On January 31, 2020, Judge Dickson issued an Order, granting Plaintiff's motion. (ECF No. 59). On February 6, 2020, Plaintiff filed the SAC. (ECF No. 60). On February 25, 2020, Judge Dickson issued a Revised Pretrial Scheduling Order ("February 25, 2020 Scheduling Order"), providing in relevant part, that the deadline for filing motions to add new parties or to amend the pleadings was no longer applicable. (ECF No. 66).[1] The Order again included the directive that no motions could be filed without the Court's prior written permission. (*Id.*) The deadline for completing fact discovery was extended through July 31, 2020. (*Id.*) On March 10, 2020 Defendants filed a Rule 12(b)(6) motion to dismiss in lieu of filing an answer. (ECF No. 67).

On November 12, 2021, Judge Salas granted in part and denied in part Defendants' motion to dismiss the SAC ("November 12th Order"). (ECF Nos. 107 & 108). Judge Salas permitted Plaintiff to file a third amended complaint, consistent with Judge Salas' rulings, within 14 days of the date of the November 12th Order, which was November 26, 2021. (ECF No. 108). Plaintiff did not file a third amended complaint. Accordingly, since Plaintiff did not file a third amended complaint within the fourteen-day period, Defendants' time to file an answer to the SAC would have (and did) expire on November 26, 2021, consistent with Federal Rule of Civil Procedure 12(a)(4)(A). *See* Fed. R. Civ. P. 12(a)(4)(A).

At no time did Defendants seek clarification from the Court about the deadline for filing their answer to the SAC or an extension of time to file an answer. Rather, seven days after the deadline expired, on December 3, 2021, Defendants filed an answer to the SAC, which included for the first time, and without leave of court, counterclaims for fraud and abuse of process under Pennsylvania

---

[1] Following a status conference on July 21, 2020, Judge Dickson issued an Order, directing Plaintiff to file a motion, if any, to amend or supplement the pleadings on or before July 31, 2020. (ECF No. 91). A review of the docket confirms that Plaintiff never filed any such motion.

3

common law based on Plaintiff's and his attorney's conduct throughout the State Collection Action and commencement of the instant suit ("answer to the SAC"). (ECF No. 109). Notably, on December 13, 2021, Defendants, again without seeking leave, filed a third-party complaint against Plaintiff's counsel, Lawrence C. Hersh, and his law firm, the Law Offices of Lawrence Hersh ("Hersh Third-Party Defendants"), asserting substantially the same claims for abuse of process and fraud ("third-party complaint"). (ECF No. 110).

On December 23, 2021, after reviewing Defendants' answer to the SAC and their third-party complaint, the Undersigned issued an Order, having found that Defendants' answer to the SAC was filed more than fourteen days after Judge Salas denied in part Defendants' motion to dismiss. Thus, the answer was untimely filed under Rule 12(a)(4)(A) ("December 23rd Order"). (ECF No. 114). Accordingly, this Court determined that Defendants were required, by motion, to obtain the Court's leave to file an answer and to assert for the first time counterclaims and a third-party complaint under Rule 15(a)(2) and Rule 14(a), respectively. (*Id.*) The Undersigned ordered Defendants' answer to the SAC with counterclaims and their third-party complaint stricken, without prejudice. (*Id.*). This Court further ordered that, to the extent Defendants sought leave to file such a motion, Defendants were directed to file and serve the motion by January 10, 2022. (*Id.*). Defendants did not file any such motion.

Rather, on December 30, 2021, Defendants filed the present Motion for Extension and to Reinstate without leave of court. (ECF No. 115). Then, without waiting for a decision on that motion, Defendants, on March 25, 2022, filed the motion to amend the already stricken answer to the SAC.

## II. DEFENDANTS' MOTIONS

### A. Motion for Extension and to Reinstate

Defendants contend that they should be granted permission to file their answer to the SAC (with counterclaims) out of time, given the specific circumstances of this case. (Defs.' Mov. Bf. at

4

3-4, ECF No. 115). According to Defendants, they could not have filed their answer to the SAC by November 26, 2021, because they were unaware of Plaintiff's decision not to file a third amended complaint until November 26, 2021. (Defs.' Br. 4; ECF No. 115-4). Defendants submit this creates good cause, pursuant to Rule 6(b)(1), for filing their answer and counterclaims late (i.e., on December 3, 2021), and thus, the Court should deem their answer to the SAC filed as of that date. Defendants also suggest that they did not need leave from the Court to assert counterclaims at this juncture. As for their third-party complaint, Defendants contend that Federal Rule of Civil Procedure 14(a) allows them fourteen (14) additional days from December 3, 2021 (i.e., the filing date of their answer to the SAC), to file a third-party complaint without leave of Court. (*Id.* at 7).

Plaintiff and the Hersh Third-Party Defendants (collectively referred to as, "the Opposing Parties") oppose Defendants' motion on several grounds. (ECF No. 118). First, they contend that Defendants ignored the Court's December 23rd Order directing Defendants to seek leave to file a motion to amend and instead filed the present motion without leave of court. (*Id.* at 4). Second, the Opposing Parties contend that Defendants' motion is essentially nothing more than a thinly disguised motion for reconsideration of the Court's December 23rd Order. (*Id.* at 7). Finally, the Opposing Parties detail a panoply of merits-based arguments in opposition to the proposed counterclaims and third-party complaint. (*Id.* at 10-26).

On reply, Defendants argue that their motion was properly filed, is not a motion for reconsideration, and that the remainder of the Opposing Parties' jurisdictional and merits-based arguments are more appropriately raised as affirmative defenses or on summary judgment. (*See generally* ECF No. 122).

B.  **Motion to Amend**

Defendants seek to amend their now stricken answer to assert nine additional counterclaims seeking a declaration that Defendants did not violate the FDCPA stemming from Defendants' various

communications with Plaintiff beginning in September 2016 and continuing through January 2019, equitable relief, and resulting damages. (*See* ECF No. 125-1 at 4; ECF No. 125-2). They also claim to seek to "amplify the allegations" contained in their now stricken counterclaims[2] for damages under theories of fraud and abuse of process pursuant to Pennsylvania common law. (*Id.* at 4). Defendants contend that their motion is timely under Rule 15(a)(2) since the Court has not yet ruled on the Motion for Extension and to Reinstate their original answer with counterclaims. (*Id.* at 5). Finally, Defendants claim that there is no undue prejudice to Plaintiff and that the proposed counterclaims are not futile. (*Id.* at 7).

Plaintiff opposes the motion, arguing that it is frivolous since Defendants did not have permission to file the motion and there is no operative answer or counterclaim to amend. (ECF No. 136 at 3-6). Plaintiff continues that, if the Court were inclined to consider the motion, it should be denied under Rule 15 principles because Defendants have unduly delayed in seeking leave to amend, and because Defendants' proposed counterclaims are both futile and fail to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). (*Id.* at 5-8). Finally, Plaintiff contends that the motion is brought as part of "ongoing harassment and bullying of Plaintiff and his counsel in order to pressure Plaintiff to dismiss his present lawsuit." (*Id*. at 10). Defendants submitted no reply papers in further support of their motion to amend.

---

[2] In support of their Motion to Amend, Defendants contend that they sought to add counterclaims in February of 2019, but claim they were unable to do so based on the actions of their prior defense counsel and a protracted legal battle with their own insurance carriers. (*See* Defs.' Mov. Bf. at 6, ECF No. 125-1). Defendants continue that they filed their answer to the amended complaint on May 21, 2019, (ECF No. 41), wherein they raised several of the claims now "expanded on" in their proposed amended pleading. (*Id.* at 2). Importantly, contrary to Defendants' statements, a review of Defendant's answer, (ECF No. 41), confirms that they, in fact, did not assert any counterclaims. (*See id.*) The inclusion of affirmative defenses in Defendants' May 21, 2019 Answer is not tantamount to asserting actual counterclaims, which must be affirmatively pled. In any event, Defendants' contention only serves to demonstrate that they possessed the necessary information to add counterclaims no later than May 21, 2019.

### III. ANALYSIS

#### A. Motion for Extension and Reinstate

In its December 23rd Order, this Court found that Defendants' answer to the SAC was untimely filed under Rule 12(a)(4)(A). (ECF No. 114). Based on the untimeliness of Defendants' Answer to the SAC and their first-time pled counterclaims,[3] this Court further determined that Defendants were required to seek leave to file their answer to the SAC and assert counterclaims, pursuant to Rule 15(a). (*Id.*) Similarly, consistent with Rule 14(a), the Court concluded that Defendants must, by motion, obtain leave to file the third-party complaint. (*Id.*) As such, the Court ordered both pleadings stricken without prejudice. (*Id.*). The Court afforded Defendants the opportunity to move for leave to file their answer to the SAC out of time, to amend that pleading to assert counterclaims, and to file a third-party complaint by January 10, 2022. (*Id.*)

Defendants did not file any such motion by the court-imposed deadline or seek an extension of it. Further, at no time did Defendants seek clarification of the December 23rd Order or ask the Court to reconsider that Order consistent with the governing standards of Local Civil Rule 7.1(i). Defendants also never appealed the Order. Instead, Defendants chose to disregard this Court's Order by filing this motion. Indeed, not only does Defendants' motion fail to comply with this Court's December 23rd Order, but it also violates the February 1, 2019 Scheduling Order and the February 25, 2020 Scheduling Order which both state: "**No Motions are to be filed without prior written permission from this Court**." (*See* Pretrial Scheduling Order ¶ 18; ECF No. 28; *see also* Revised Pretrial Scheduling Order ¶ 17; ECF No. 66). Court orders must be followed. *See Santiago v. Port Authority of New York & New Jersey*, 2014 WL 4930805, at *4 (D.N.J. Oct. 1, 2014) ("Court orders

---

[3] The Court again notes that Defendants' original answer filed on May 21, 2019, (ECF No. 41), did not contain counterclaims. Defendants' late attempt to couch their original affirmative defenses as original counterclaims is improper.

should mean something."). A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Rec. Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  Based on Defendants' failure to follow the Court's December 23rd Order and the two prior Scheduling Orders, Defendants' Motion for Extension and to Reinstate is **DENIED** on this basis.

Even if the Court considers the merits of the motion, Defendants cannot prevail.  Despite the motion's title and Defendants' assertions to the contrary, it is clear that the motion is based on Defendants' disagreement with this Court's December 23, 2021 Order, and thus, in essence, they ask that this Court rethink what it has already previously thought through.  (ECF No. 114). Accordingly, the Court will treat Defendants' motion as one for reconsideration.

Local Civil Rule 7.1(i) governs motions for reconsideration. The rule requires the moving party to serve and file the motion "within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."  L. Civ. R. 7.1(i).  The rule further compels the moving party to include a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked…."  L. Civ. R. 7.1(i).  A motion for reconsideration is "an extraordinary remedy that is granted 'very sparingly.'" *Brackett v. Ashcroft*, No. 03-3988 (WJM), 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (internal citation omitted); *see also Walsh v. Walsh*, No. 16-4242 (MAS), 2017 WL 3671306, at *1 (D.N.J. Aug. 25, 2017).

Rule 7.1(i) requires a party seeking reconsideration to set forth "concisely the matter or controlling decisions which the party believes" the Court "overlooked" in its decision. L.Civ.R. 7.1(i).  Reconsideration is appropriate only where the movant demonstrates "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion ...; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d

8

Cir. 1999). A motion that merely raises a disagreement with the Court's decision is not an appropriate basis for reconsideration. *Cottrell v. Good Wheels*, No. 08-1738 (RBK), 2011 WL 3361522, at *4 (D.N.J. Aug. 3, 2011), *aff'd*, 458 F. App'x 98 (3d Cir. 2012). *See Tundo v. Passaic Cty.*, 2018 U.S. Dist. LEXIS 113306 (D.N.J. Jul. 9, 2018) (J. Salas) ("Plaintiffs' disagreement with the Court's application of established precedent is not an appropriate basis for a motion for reconsideration"). Further, "[a] motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly." *Oritani, S&L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

Here, Defendants do not even address this standard in their motion insofar as they have not articulated a fact or law overlooked by the Court. Defendants merely voice their disagreement with the Court's interpretation of the applicable court rules and ask the Court to ignore the relevant procedural history and controlling deadlines. In short, Defendants have not shown a proper basis to seek reconsideration under Rule 7.1(i).

  **B.** **<u>Leave to File Only an Answer to the SAC</u>**

Having stricken Defendants' answer to the SAC without prejudice, there is currently no operative pleading filed in response to the SAC. Nonetheless, Rule 6(b)(1) provides that "when an act must be done within a specified time, the court may, for good cause, extend the time." *Id.* The Opposing Parties have neither suggested that default should be entered against Defendants nor shown any prejudice. The Court has broad discretion in case management decisions. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982). As such, in the interests of justice, since no prejudice to the Opposing Parties has been shown, and for good cause shown, the Court will exercise its discretion and **GRANT** Defendants leave to file only an answer to the Second Amended Complaint within seven (7) days of the date of this Order, pursuant to Federal Rule of Civil Procedure 6(b)(1) and Local Civil Rule 6.1(b), and consistent with the Court's rulings herein.

Defendants, however, may not file an answer asserting any counterclaims or file a third-party complaint. In their motion papers, Defendants appear to argue that they had the right to assert counterclaims and file a third-party complaint without first obtaining leave of court. Given the determinations already reached herein, it is not necessary to conclusively decide this issue. Nevertheless, for purposes of completeness, the Court will address why, in fact, Defendants were required to seek leave from the Court.

As courts in this district have recognized, Rule 15(a) governs, not only when a party may amend its pleadings, but "applies equally to amendments to counterclaims." *Patel v. Pandya*, 2016 U.S. Dist. LEXIS 71710 at *4 (D.N.J. Jun. 2, 2016) (J. Martini); *see also Public Service Gas & Electric Co. v. Newport Assoc. Dev. Co.*, 2021 U.S. Dist. 108525 at *8-9 (D.N.J. Jun. 9, 2021) (J. McNulty).

Although not addressed by the parties in any of their respective submissions, the majority of courts within this district have adopted the "moderate" approach, "which allows for an amended response adding claims without leave only when 'the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint."[4] *Patel*, 2016 U.S. Dist. LEXIS 71710 at *5 (adopting moderate approach) (citing *Slim CD, Inc. v. Heartland Payment Sys., Inc.*, 2007 WL 2459349 at *6 (D.N.J. Aug. 24, 2007 (C.J. Wolfson) (same). *See Public Service Gas & Electric Co.*, 2021 U.S. Dist. 108525, at *9-10 (same).

In adopting the moderate approach, Judge Martini determined that the moderate view is "in line with the Third Circuit's liberal attitude towards amendment, but allow[s] the Court to properly

---

[4] As Judge Martini explained, the narrower approach allows a defendant "to amend a response strictly to the changes in the amended complaint and the permissive [approach] [] allows a defendant the right to make any amendments regardless of the scope of the plaintiff's changes." *Patel*, 2016 U.S. Dist. LEXIS 71710 at *6 at n.2.

exercise its discretion and deny leave to amend or add new counterclaims where there may be undue delay or prejudice, bad faith, or futility." *Patel*, 2016 U.S. Dist. LEXIS 71710 at *6. *See Public Service Gas & Electric Co.*, 2021 U.S. Dist. 108525 at *8. Judge McNulty has joined Judge Martini by adopting the moderate approach and emphasizing that an "as-of-right approach would open the door to inappropriate **late-stage** amendments, leaving no role for the Court in management of the litigation." *Public Service Gas & Electric Co.*, 2021 U.S. Dist. 108525 at *9 (citing *E.E.O.C. v. Morgan Stanley & Co, Inc.*, 211 F.R.D. 225, 227 (S.D.N.Y. 2002)) (emphasis added). This Court follows Judge Martini and Judge McNulty and adopts the moderate approach.

In applying the moderate approach, here, the Court finds that Defendants' counterclaims cannot be asserted as of right. In the SAC, Plaintiff was permitted to assert additional factual allegations about Defendants' ongoing debt collection conduct in further support of Plaintiff's existing FDCPA count and include an additional provision of the same statute. Plaintiff's amendments did not expand or change the theory or scope of the case, which consistently focus on Defendants' allegedly improper debt collection practices in violation of the FDCPA.

In contrast, Defendants' proposed eleven counterclaims for fraud, abuse of process, declaratory judgment, equitable relief, and damages ("counterclaims") clearly exceed the scope of Plaintiff's SAC. A review of the counterclaims demonstrate that they greatly expand the scope of the case. Defendants accuse Plaintiff and his counsel of engaging in a fraudulent scheme to induce Defendants to communicate with Plaintiff throughout the 2016 State Collection Action and then abusing the State Collection Action proceedings for the improper purpose of driving up Plaintiff's damages in this FDCPA action. Further, as this Court previously determined, Defendants could have brought these counterclaims in the original answer filed in May 2019, since Plaintiff's alleged misconduct dates back to 2016. Accordingly, this Court finds that Defendants were not permitted to assert these counterclaims in their answer to the SAC under Rule 15 without leave of court.

Applying a similar analysis to Defendant's third-party complaint, leave of court was required to file such a pleading. Rule 14(a) governs third-party practice, which states, in relevant part, "the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). The "Third Circuit allows an answer to an amended complaint to function as an 'original answer' only if the amended complaint sets forth new theories of liability." *Carneys Point Metal Processing, Inc. v. Reco Constructors*, 2006 U.S. Dist. LEXIS 17554, at * 8 (E.D. Pa. Apr. 6, 2006) (internal citation omitted). *See, e.g.*, *United Nat'l Ins. Corp. v. Jefferson Downs Corp.*, 220 F.R.D. 456, 457 & n.2-5 (M.D. La. 2003); *Premier Health Assoc. LLC v. Medical Tech. Solutions*, 2019 WL 1466192, at *2 (D.N.J. Apr. 3, 2019) (Linares, J.) ("In the Third Circuit, an answer to an amended complaint functions as the original answer [for purposes of Rule 14] where the amended complaint establishes new theories of liability.").

Again, as this Court has already found, the SAC did not expand or change the theories of this single count fair debt collection case. Thus, the Court will use the filing date of the original complaint, September 27, 2017, and the Defendants' original answer filed on May 21, 2019, for the purpose of analyzing whether leave was required under Rule 14(a). As the third-party complaint, filed on December 13, 2021, was filed more than two years after they filed their original answer, and thus well beyond fourteen days after serving its original answer, Defendants were required to obtain leave from this Court to file their third-party complaint. *See* Fed. R. Civ. P. 14(a).

Even if Defendants had properly sought leave, the Court concludes that leave to file a third-party complaint is not appropriate weighing all of the relevant factors. "Joinder of third-party defendants under Rule 14 is not automatic; rather, the decision to permit joinder rests with the sound discretion of the trial court." *Aguirre v. Bergen Marble and Granite, Inc.*, 2021 WL 5918473, at *2 (D.N.J. Dec. 14, 2021). "Relevant factors include "(1) the timeliness of the motion; (2) the

probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff." *Id.* A futility analysis also may be considered with respect to third-party claims. *Id.*

First, the Court finds there has been excessive delay in seeking to file a third-party complaint. Specifically, the third-party complaint is based on events and conduct that allegedly occurred in the State Collection Action filed in December 2016 and the Opposing Parties' alleged conduct dating back to at least 2017. (*See, e.g.*, ECF No. 110 at ¶¶ 15, 22). Thus, Defendants have had knowledge of the facts underlying this pleading for at least four years, but delayed in filing a third-party complaint. Second, the Court finds that although there is no trial date, adding Opposing Parties would prejudice Plaintiff by increasing the cost of litigation and further delay trial. After amendments to the discovery deadlines, fact discovery has been closed since July 31, 2020. Third, the Court finds that the third-party complaint (which essentially mirrors the proposed counterclaims) would complicate the issues at trial as they are based on entirely different legal claims and theories and would expand the scope of the case. Finally, the Court has already determined that the third-party complaint was untimely filed pursuant to Rule 14(a). Defendants offer no justification for the delay. Accordingly, having considered the foregoing factors, the Court determines that had Defendants sought leave to file the third-party complaint, this Court still would have denied the request.

### C. Defendants' Motion to Amend

Defendants' untimely motion to amend its answer to the SAC fails for a very simple and straightforward reason. In its December 23rd Order, this Court struck Defendants' answer to the SAC, which included the fraud and abuse of process counterclaims. As such, Defendants currently have no operative pleading for which they now seek leave to amend. Accordingly, the motion to amend is **DENIED** on this procedural basis.

Even if Defendants had timely filed their Answer to the SAC, they cannot meet the requisite standards to amend pleadings governed by Rule 15 and Rule 16 of the Federal Rules of Civil Procedure. "The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." *Watson v. Sunrise Senior Living Servs., Inc.*, Civ. No. 10-230 (KM), 2015 U.S. Dist. LEXIS 33162, at *13 (D.N.J. Mar. 18, 2015) (citing *Karlo v. Pittsburgh Glass Works, LLC,* Civ. No. 10–1283 (NBF), 2011 U.S. Dist. LEXIS 125667, at *2 (W.D. Pa. Oct. 31, 2011)). Rule 15 provides, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Unlike Rule 15, Rule 16 applies a stricter standard. *Watson*, 2015 U.S. Dist. LEXIS 33162, at *14. Rule 16(b) provides that the scheduling order issued by the Court "may be modified only for good cause and with the judge's consent." This "good cause" standard places the burden on the party moving to amend to demonstrate that it has exercised due diligence in obtaining the knowledge underlying the proposed amendment. *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010).

Here, as previously addressed, the February 25, 2020 Scheduling Order directed that any deadlines to file motions to add parties or to amend pleadings were no longer applicable, a clear indication that the deadline had passed.[5] (ECF No. 66 at ¶ 17). There is nothing before this Court to even suggest that Defendants sought an extension of that deadline either before or after its expiration. Further, this Court's Order of December 23, 2021 **did** include a deadline of January 10, 2022 to file any motions to amend the pleadings. (ECF No. 114). Defendants did not meet

---

[5] The most logical interpretation of the February 25, 2020 Scheduling Order is that the parties did not contemplate filing any motions to add new parties or amend the pleadings or request leave to do so. Although, on July 21, 2020, Judge Dickson granted Plaintiff leave to file a motion to amend or supplement the pleading by July 31, 2020, Plaintiff never did so.

the January 10, 2022 deadline. Rather, more than two months later, Defendants filed the instant motion, which improperly seeks to add the declaratory judgment, equitable relief, and damages counterclaims, based on Defendants' mistaken belief that they could assert the fraud and abuse of process counterclaims in December 2021 as of right. As this Court has already determined herein, Defendants were required to seek leave to assert <u>all</u> of their counterclaims. As Defendants did not comply with prior Court's deadlines, the "good cause" standard under Rule 16 governs Defendants' motion to amend.

**(i)     Rule 16**

As noted above, the good cause requirement under Rule 16 depends on the moving party demonstrating "due diligence." *Race Tires of America*, 614 F.3d at 84. As the courts in this district have routinely held, when analyzing the moving party's diligence, courts typically consider whether the movant "'possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired.'" *Kongtcheu v. Hosp. for Special Surgery*, Civ. No. 13-1854 (CCC), 2015 U.S. Dist. LEXIS 147886, at *4 (D.N.J. Nov. 2, 2015) (quoting *Smith v. Honeywell Int'l, Inc.*, Civ. No. 10-3345 (ES), 2014 U.S. Dist. LEXIS 9563, at *17-19 (D.N.J. Jan. 27, 2014)). Additionally, "good cause may be satisfied if the movant shows that the delay in filing the motion to amend stemmed from 'any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" *Id.* at *4 (quoting *Phillips v. Greben*, Civ. No. 04-5590 (GEB), 2006 U.S. Dist. LEXIS 78419, at *6 (D.N.J. Oct. 27. 2006)). Further, if the moving party had the necessary knowledge to file a motion to amend before the court ordered deadline, or if the movant provided no satisfactory explanation for the delay, the Court, in its discretion, may deny the motion. *Id.* at *4 (citing *Dimensional Commc'n Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005)).

This motion does not present a close call. The Court finds that Defendants have not satisfied the due diligence standard under Rule 16. Indeed, Defendants do not even attempt to address the good cause standard, and Defendants' motion papers is devoid of any satisfactory explanation for the delay. By their own admissions, Defendants have known about <u>all</u> of their "counterclaims" before they filed their answer in May 2019. The counterclaims are based on Plaintiff's alleged misconduct dating back to 2016. (*See generally* ECF No. 125-2). In short, Defendants have possessed the necessary knowledge to file the motion to amend long before the court ordered deadlines. Defendants have provided no satisfactory explanation for their delay in seeking to amend to add counterclaims in a case that has been pending for more than four years. Accordingly, the Court finds they have not established good cause under Rule 16(b) to justify modifying the scheduling order to allow the proposed amendments.

**(ii)   Rule 15**

Even if Defendants had complied with the Court's prior scheduling order deadlines, they cannot meet Rule 15's more liberal standard for allowing amendments because the proposed amendments were brought after undue delay.[6]

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits a party to amend the pleading at any point prior to trial "only with the opposing party's written consent or the court's leave." Id. Leave should be freely given by the Court "when justice so requires." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006). This mandate encompasses a broad range of equitable factors, including whether there is (1) undue delay; (2) bad faith, (3) prejudice, (4) failure to cure deficiencies through previous amendments; or (5) futility of the proposed amendment. See Foman

---

[6] In their respective submissions, the parties focus on whether Defendants' proposed counterclaims are futile. However, as the Court finds Defendants' delay in seeking the amendment is undue, and thus, in the Court's discretion, serves as the independent basis for denial, the Court does not reach the issue of futility.

v. Davis, 371 U.S. 178, 182 (1964). Ultimately, the decision to grant or deny leave rests in the sound discretion of the Court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971).

When considering delay in the context of Rule 15, "the mere passage of time does not require that a motion to amend a complaint be denied . . . [i]n fact, delay alone is an insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). "The district court has discretion to deny the request only if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citing *Adams,* 739 F.3d at 864). Delay in seeking leave to amend may become "undue" and "thereby create[] grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Id.* at 266 (citing *Cureton*, 252 F.3d at 273). Thus, as the Third Circuit has noted, the question of undue delay requires the Court to focus on the moving party's "reasons for not amending sooner." *Id*. (quoting *Cureton*, 252 F.3d at 273). The Court then must balance those stated reasons "against the burden of delay on the [] Court." *Id.* (citing *Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 520 (3d Cir. 1988)).

The Third Circuit has repeatedly affirmed the denial of motions to amend made after lengthy periods of delay when the amendment would result in prejudice or additional delay in the proceedings. *See, e.g., CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629-30 (3d Cir. 2013) (District Court did not abuse its discretion when denying leave to amend where the plaintiff sought amendment more than three years after filing its complaint, and provided "no good reason" for its delay) (collecting cases); *Berger v. Edgewater Steel Corp.*, 911 F.2d 923-24 (3d Cir. 1990) (affirming denial of leave to amend sought more than four months after information supporting amendment was available; after lengthy discovery period; and when amendment would inject new issues and delay

17

the case); *Clark v. Township of Falls*, 890 F.2d 611, 624 (3d Cir. 1989) (affirming denial of leave to amend after five-month period of delay); *Averbach v. Rival, Mfg. Corp.*, 879 F.2d 1196, 1203 (3d Cir. 1989) (affirming denial of leave to amend when motion was made after months of unexplained delay and on eve of close of discovery and trial).

Here, Defendants indisputably have known about the bases for their counterclaims no later than May 2019. Importantly, based on Defendants' own admissions, it cannot be disputed that by May 2019 – when Defendants filed their original answer – Defendants possessed the necessary information about Plaintiff's alleged misconduct and resulting damages to seek leave to add the counterclaims. Yet, Defendants waited more than two and a half years -- until December 2021 -- to improperly plead without leave of court two counterclaims for the first time that would inject new issues and delay the case. Defendants then waited another four months, until March 25, 2022, to seek leave to add nine more counterclaims. The case is now more than four years old.

The Court cannot determine any good reason for the delay in seeking to include the counterclaims and Defendants have not offered one. The Court finds that the information supporting the counterclaims was available to Defendants for more than two years, demonstrating Defendants had prior opportunities to amend under the standards set forth by the Third Circuit in *Cureton* and reiterated in *Bjorgung*. Allowing this type of amendment at this stage of the case would present an unwarranted and unfair burden on the Opposing Parties and the Court and would result in additional delay in these already protracted proceedings. In July 2021, Defendants took the position that discovery has been closed, and the case should proceed to the summary judgment stage. (*See* ECF No. 104). Adding several counterclaims related to alleged misconduct that occurred beginning in 2016 and preceded the State Collection Action would necessitate additional discovery and extend this case well into the future, placing a burden of delay on the Court.

In short, the decision to grant or deny leave to amend a pleading is ultimately a matter of

discretion. *Zenith Radio Corp.*, 401 U.S. at 331.  Defendants have long delayed, without good reason, in seeking leave to amend.  Additionally, the proposed counterclaims would unnecessarily burden the Court and delay an efficient resolution on the merits.  Accordingly, this Court finds that Defendants filed the motion after undue delay.  Therefore, the Court, in its discretion, **DENIES** the motion to amend.

IV. **CONCLUSION**

For the foregoing reasons, Defendants' motions (ECF No. 115 and 125) are **DENIED**.

Defendants are permitted to file only an answer to the SAC within seven (7) days of the date of this Order, consistent with the Court's rulings contained herein.  To be clear, Defendants may not include the counterclaims in the answer, and Defendants may not file the third-party complaint.

**SO ORDERED**.

**s/Jessica S. Allen**
**JESSICA S. ALLEN**
**United States Magistrate Judge**

cc:  Hon. Esther Salas, U.S.D.J.