<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OLU OMODUNBI,<br><br>        Plaintiff,<br><br>v.<br><br>GORDIN & BERGER, P.C., EDWARD BERGER, AND DANIEL BERGER,<br><br>        Defendants. | Civil Action No. 17-7553 (JKS) (JSA)<br><br>**OPINION & ORDER**<br><br>November 26, 2024 |

**SEMPER**, District Judge.

      **THIS MATTER** comes before the Court upon several motions: (1) Plaintiff Olu Omodunbi's ("Plaintiff") motion for reconsideration (ECF 222) of this Court's June 27, 2024 Order[1] granting in part and denying in part Defendants Gordin and Berger, P.C., Edward Berger, and Daniel Berger's ("Defendants") motion for summary judgment and granting in part and denying in part Plaintiff's motion for summary judgment; (2) Defendants motion for reconsideration (ECF 223) of this Court's June 27, 2024 Opinion[2] and Order[3] granting in part and denying in part Defendants' motion for summary judgment and granting in part and denying in part Plaintiff's motion for summary judgment; (3) Defendants' "Amended Motion for Reconsideration" of this Court's Opinion and Order[4] denying Defendants' appeal of Judge Allen's order (ECF 231); and (4) Defendants' "cross motion to vacate the June 27, 2024 summary

---

[1] (ECF 219.)
[2] (ECF 218.)
[3] (ECF 219.)
[4] (ECF 217.)

judgment order and consolidate and transfer the action to Eastern District of Pennsylvania[.]" (ECF 234.) The Court reviewed the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, each motion is **DENIED**.

**WHEREAS** a party moving for reconsideration of an order of this Court must file its motion within fourteen (14) days after the entry of that order and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (quotation marks omitted). A motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). A motion for reconsideration may only be granted if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quotation marks and italics omitted). Such a motion is "not a vehicle for a litigant to raise new arguments." *CPS Medmanagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 168 (D.N.J. 2013); *see Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001) (explaining a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached); and

**WHEREAS** Plaintiff and Defendants fail to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its Order, or an error of fact or law that, if left uncorrected, would result in manifest injustice; therefore, Plaintiff's motion for reconsideration (ECF 222) is hereby **DENIED**; Defendants' motion for reconsideration (ECF 223) is hereby **DENIED**; and Defendants' amended motion for reconsideration (ECF 231) is hereby **DENIED**; and

**WHEREAS** through an apparent "cross motion" to Plaintiff's motion for reconsideration, Defendants appear to seek to transfer this case to the Eastern District of Pennsylvania. (ECF 234.) However, this cross motion is not related to the subject matter of the original motion filed by Plaintiff and accordingly fails to comply with Local Rule 7.1(h). This motion is **DENIED** as improper;[5] and

**IT IS** on this 26th day of November 2024,

**ORDERED** that Defendants' motion (ECF 220) is **ADMINISTRATIVELY TERMINATED** as Defendants withdrew the motion; and it is further

**ORDERED** that Plaintiff's motion for reconsideration (ECF 222) is **DENIED**; and it is further

**ORDERED** that Defendants' motion for reconsideration (ECF 223) is **DENIED**; and it is further

**ORDERED** that Defendants' amended motion for reconsideration (ECF 231) is **DENIED**; and it is further

**ORDERED** that Defendants' cross motion (ECF 234) is **DENIED;** and it is further

---

[5] The parties do not contest that venue is proper in this District. Furthermore, on May 10, 2024, District Judge Gerald J. Pappert stayed *Gordin & Berger, P.C. et al. v. Omodunbi et al.*, (2:23-cv-02232-GJP) before him in the Eastern District of Pennsylvania pending the outcome of the matter currently before this Court. (*See* Docket No. 2:23-cv-02232-GJP, ECF 40 "Stay Order.")

**ORDERED** that Defendants' motion for leave to file a sur reply (ECF 237) is **ADMINISTRATIVELY TERMINATED** as **MOOT.**

**SO ORDERED.**

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Jessica S. Allen, U.S.M.J.
       Parties

4